# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

MAURICE JILES,

        Plaintiff,

vs.

OFFICER C/O ROBERSON,

        Defendant.

Case No. 2:15-cv-00317-RFB-GWF

**ORDER**

This matter is before the Court on Plaintiff's Motion to Compel (ECF No. 31), filed on January 13, 2017. Defendant Roberson filed his Response (ECF No. 32) on January 20, 2017.

Plaintiff requests an order compelling Defendant to respond to Plaintiff's second set of written discovery including interrogatories, requests for production, and requests for admission. The certificates of service indicate that Plaintiff mailed his second set of requests for production on December 5, 2016 and that he mailed his second set of interrogatories and requests of admission on December 6, 2016. Defendant represents that his counsel received Plaintiff's second set of written discovery on December 8, 2016. Discovery was set to close in this matter on December 13, 2016. *See* ECF No. 21.

Plaintiff has filed his instant motion without an attempt to resolve these issues with Defendant's counsel. The meet and confer requirements in Rule 37(a)(1) of the Federal Rules of Civil Procedure and Local Rule ("LR") 26-7(b) require the moving party to confer or attempt to confer in person, or at least by telephone, with the opposing party in a good faith effort to resolve the discovery dispute prior to filing a motion to compel. *Shuffle Master v. Progressive Games*, 170 F.R.D. 166, 171 (D.Nev. 1996); *Walker v. North Las Vegas Police Depart.*, 2016 WL 427063, *2 (D.Nev. Feb. 3, 2016). The moving party is also required to include a certification setting forth its

efforts and the results of the meet and confer attempts. Fed. R. Civ. P. 37(a)(1); LR 26-7(c).

In addition to Plaintiff's failure to comply with the meet and confer requirements, Plaintiff's second set of discovery is untimely. Plaintiff's second set of discovery was served about one week prior to the expiration of discovery, which did not give Defendant 30 days to respond as permitted under the rules of civil procedure. The Court therefore denies Plaintiff's Motion to Compel without prejudice on the grounds that his discovery requests were untimely and for failure to comply with the meet and confer requirements. To the extent that Plaintiff desires to obtain discovery, he may meet and confer with Defendant's counsel to reach an agreement to extend the discovery deadlines. If Defendant is unwilling to extend the discovery deadlines, then Plaintiff may file a motion to extend the discovery deadlines based upon a showing of good cause as to why Plaintiff did not serve discovery in sufficient time within the discovery deadlines. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel (ECF No. 31) is **denied** without prejudice.

DATED this 1st day of February, 2017.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge